Gregory G. Iskander, Bar No. 200215
giskander@littler.com
Cristina L. Piechocki, Bar No. 291860
cpiechocki@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, California  94597
Telephone:   925.932.2468
Fax No.:       925.946.9809

Attorneys for Defendant
THE SAN FRANCISCO BAR PILOTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAYMOND REED, individually and on behalf of all others similarly situated,<br><br>                   Plaintiffs,<br><br>          v.<br><br>THE SAN FRANCISCO BAR PILOTS; and DOES 1 through 20, inclusive,<br><br>                   Defendants. | Case No.<br><br>[San Francisco Superior Court Case No.: CGC-22-603712]<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441 [Federal Question]** |

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF RAYMOND REED AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant THE SAN FRANCISCO BAR PILOTS ("Defendant" or "SFBP"), contemporaneously with the filing of this Notice, is effecting the removal of the above-referenced action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California.

Removal is proper based on 29 U.S.C. § 185(a). This action is removed pursuant to the procedures found in 28 U.S.C. §§ 1441 and 1446, and removal jurisdiction is based on 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1446(d), Defendant will also file a copy of this Notice of Removal with the San Francisco County Superior Court.

## I.   PLEADINGS, PROCESS AND ORDERS

1. On or about December 29, 2022, Plaintiff Raymond Reed ("Plaintiff") commenced the above-captioned civil action in the San Francisco County Superior Court by filing a Complaint entitled *Raymond Reed, individually and behalf of all others similarly situated v. The San Francisco Bar Pilots, and Does 1 through 20, inclusive*, docketed as Case No. CGC-22-603712. ("Complaint" or "Compl."). The Complaint contains one cause of action pursuant to California's Private Attorney General Act of 2004 ("PAGA"). A summons and Notice to Plaintiff were also issued on December 29, 2022. True and correct copies of the Summons, Complaint, Civil Cover Sheet, and Notice to Plaintiff are attached as **Exhibit A** to the Declaration of Cristina Piechocki in Support of Defendant's Notice of Removal of Action ("Piechocki Decl.") and incorporated here by reference. (Piechocki Decl., ¶¶ 2-3, Exhibit A.)

2. Plaintiff served the Summons and Complaint upon Defendant through a Notice of Acknowledgement and Receipt which was signed by Defendant on February 8, 2023. A true and correct copy of the Notice of Acknowledgment and Receipt is attached as **Exhibit B** to the Declaration of Cristina Piechocki in Support of Defendant's Notice of Removal of Action and incorporated by reference. (Piechocki Decl., ¶ 4, Exhibit B.)

3. On February 24, 2023, the state Court issued an Order Denying Complex

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S NOTICE OF REMOVAL OF PAGA ACTION

Designation for Failure to File an Application Requesting Designation.[1] A true and correct copy of the Order is attached as **Exhibit C** to the Declaration of Cristina Piechocki in Support of Defendant's Notice of Removal of Action ("Piechocki Decl.") and incorporated here by reference. (Piechocki Decl., ¶¶ 2-3, Exhibit A.)

4. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in or issued by the Superior Court for the State of California, County of San Francisco, or served by any other party other than as described above. **Exhibits A, B, and C** referenced above and incorporated into this Notice satisfy the requirements of 28 U.S.C. § 1446. (Piechocki Decl., ¶¶ 1-6.)

## II. REMOVAL JURISDICTION

### A. General Removal Principles

5. This Court has jurisdiction because a federal question exists under Section 301 of the Labor Management Relations Act ("LMRA"), which provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this [Act], or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a) (hereinafter, "Section 301"); *Firestone v. Southern Cal. Gas. Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000). To ensure uniform interpretations of collective bargaining agreements ("CBAs"), federal law preempts the use of state contract law in collective bargaining agreement interpretation and enforcement. *See Lingle v. Norge Div. of Magic Chef Inc.*, 486 U.S. 399, 411 (1988).

6. Further, all state law claims raised by a union-represented employee that require interpretation of a CBA must be brought pursuant to Section 301. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). "The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . and any state claim whose outcome depends on analysis of the terms of the agreement." *Newberry v. Pac.*

---

[1] Plaintiff separately filed a class action alleging the same exact underlying claims which has since been removed to this Court (Case No.Case No. 22-cv-09136-SK).

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3

DEFENDANT'S NOTICE OF REMOVAL OF PAGA ACTION

*Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988); *see Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction").

7. Section 301 preemption and jurisdiction apply because the Complaint includes claims that can only be brought as contractual claims under a CBA, because of the application of several express CBA exemptions in the Labor Code. Section 301 also applies because Plaintiff asserts he is entitled to relief which is controlled by the CBA and makes claims the resolution of which require interpretation of the CBA.

8. Section 301 specifically has been held to preempt California state law claims that are substantially dependent upon interpretation of a CBA. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019); *Firestone*, 219 F.3d at 1066-67. This is so even where interpretation was required to evaluate the employer's defense to a plaintiff's state law cause of action. *Curtis*, 913 F.3d at 1152 ("Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'") (citing *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). Some courts have held that Section 301 completely preempts all claims that are based on, or require the interpretation of, a collective bargaining agreement. *See, e.g., United Steelworkers of America v. Rawson*, 495 U.S. 362, 368–69 (1990); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209–11 (1985); *Associated Builders & Contractors, Inc. v. Local 302 International Brotherhood of Electrical Workers*, 109 F.3d 1353, 1356–57 (9th Cir. 1997) (Section 301 is construed "quite broadly to cover most state-law actions that require interpretation of labor agreements").

9. These principles apply equally to actions seeking civil penalties pursuant to the Private Attorneys General Act, Cal. Lab. Code § 2698 *et seq.* ("PAGA"). *Franco v. E-3 Sys.*, No. 19-cv-01453-HSG, 2019 WL 6358947, at *4 (N.D. Cal. Nov. 8, 2019) (denying motion to remand, and expressly rejecting Plaintiff's argument that § 301 cannot preempt PAGA claims); *Blackwell*

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

4

DEFENDANT'S NOTICE OF REMOVAL OF PAGA ACTION

*v. Commercial Refrigeration Specialists, Inc.*, No. 20:20-cv-01968-KJM-CKD, No. 2:20-cv-02281-KJM-CKD, 2021 WL 2634501 at *3-4 (June 25, 2021) (denying motion to remand, relying upon the reasoning set forth in *Franco*).

10. Section 301 preemption furthers two important federal policies. First, it ensures that the interpretation of collective bargaining agreements remains uniform and independent of state law. *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962) (inconsistent interpretations would "inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements"). Second, the complete preemption doctrine gives effect to the parties' mutual promise to resolve disputes through the grievance-arbitration process and furthers the strong federal policy that labor disputes "remain[] firmly in the arbitral realm." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 411 (1988). This Court has subject matter jurisdiction over—and thus a defendant may properly remove—any ostensible state law claim preempted by Section 301. *Franchise Tax Board v. Construction Laborers*, 463 U.S. 1, 24 (1983); *Allis-Chalmers Corp.*, 471 U.S. at 220 (if preempted, the "claim must either be treated as a § 301 claim ... or dismissed").

11. Under the Section 301 preemption analysis, courts must first inquire whether the relief requested by a plaintiff "involves a right [that] exists solely as a result of the CBA." *Curtis*, 913 F.3d at 1152 (internal citations and quotations omitted). Under *Curtis*, where an asserted Labor Code or Wage Order claim is covered by an available CBA exemption – such that there exists no valid underlying state law claim – the Section 301 preemption inquiry is resolved at this first step. This is because, in the case of a state law meal break claim (for example), if Labor Code Section 512(a) does not apply (due to the application of the Labor Code Section 512(e)-(g) CBA exemption), any pleaded meal break claim is necessarily a contractual claim. *See, e.g., Giles v. Canus Corp.*, 2022 WL 3370793, *4-5 (N.D. Cal. Aug. 16, 2022) (applying *Curtis*).

12. If, and only if, there is no preemption found at the first step of the analysis, courts proceed to the second step of the Section 301 preemption analysis, which asks "whether a plaintiff's state law right is substantially dependent on analysis of the CBA." *Curtis*, 913 F.3d at 1153. Under this second step, where there is no applicable CBA exemption, Section 301 preemption still applies if the resolution of a plaintiff's minimum wage claim (for example) requires interpretation of the

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

5

DEFENDANT'S NOTICE OF REMOVAL OF PAGA ACTION

CBA. *See Mellon v. Universal City Studios, LLC*, __ F. Supp. 3d __, 2022 WL 4021692, at *5 (C.D. Cal. Sep. 2, 2022) (denying motion to remand because "resolution of [plaintiff's] minimum wage claim will require interpreting the CBA to determine whether he was compensated for time spent undergoing security checks through Article 27."); *Giles, supra,* 2022 WL 3370793, *6 (holding minimum wage claim preempted because resolving that claim would require an, interpretation of terms "actual time worked" and "show-up pay" as used in the CBA).

13. If any claims in the Complaint are not preempted by Section 301, the entire action is still removable under 28 U.S.C. § 1441(c) because this Court has supplemental jurisdiction under 28 U.S.C. § 1367. All claims in the Complaint are sufficiently related to form part of the same case or controversy.

**B.    Plaintiff's Employment Was Governed by a Collective Bargaining Agreement**

14. Plaintiff alleges he worked for Defendant "during the relevant time periods as alleged herein." (Compl., ¶ 11.) Plaintiff was hired on or around March 2, 2012 as a Deckhand, licensed for SFBP. (Declaration of John Carlier ("Carlier Decl."), ¶ 3). On or around December 24, 2013, Plaintiff began working as a Swing Captain. (*Id.*) On or around August 3, 2018, Plaintiff began working as a Station Boat Mate. Plaintiff's employment was terminated on February 24, 2022. (*Id.*).

15. The terms and conditions of Plaintiff's employment with SFBP were governed by CBAs between SFBP and Sailors' Union of the Pacific ("Union"). (Carlier Decl., ¶ 4). There was one CBA in effect during the PAGA period (September 12, 2021 to the present), which covered the terms of Plaintiff's employment during that time. (*Id.*). A true and correct copy of the CBA in effect between January 1, 2020 and December 31, 2023 ("2020 CBA") is attached as **Exhibit A** to the Carlier Declaration and incorporated by reference.

16. The Union is a labor organization within the meaning of Section 2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

17. Based on the allegations in the Complaint, SFBP is an employer within the meaning of the LMRA, 29 U.S.C. § 152(2).

18. The introductory paragraph of the 2020 CBA specifically states that the Union is the

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

6

DEFENDANT'S NOTICE OF REMOVAL OF PAGA ACTION

"exclusive representative for the purpose of collective bargaining of all of its licensed and unlicensed employees on vessels and shoreside jobs" covered by the CBA. (Carlier Decl., Ex. A, 2020 CBA, introductory paragraph). The 2020 CBA covers the employment conditions at issue in Plaintiff's Complaint, including time worked, wages and wage payment, overtime, and meal and rest periods. (Carlier Decl., Ex. A, 2020 CBA, Secs. 1, 2).

19.  In a related class action, *Raymond Reed v. The San Francisco Bar Pilots Benevolent and Protective Association*, Case No. 22-cv-09136-SK, which was removed from state court and is currently pending in the United States District Court, Northern District of California, and which concerns the *same* Plaintiff, *same* 2020 CBA, and the *same* underlying claims, the Court ruled that "it is undisputed that Plaintiff and Defendant's other employees are subject to [a collective bargaining agreement]" and denied Plaintiff's motion to remand. (Piechocki Decl., ¶8, Exhibit D, p. 2:5-6; 12:2-10.)[2]

### C.  The Failure to Reference the CBA or the LMRA Does Not Preclude Removal.

20.  The Complaint omits that Plaintiff was a member of the Union or that a CBA governed his employment. However, a plaintiff may not be permitted to "artfully plead" a complaint to conceal its true nature. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though operative complaint made no mention of a collective bargaining agreement); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009).

21.  Thus, the fact that Plaintiff has not made specific reference to Section 301 in his Complaint does not preclude removal. *See Milne Emp. Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991). The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder*, 702 F.2d at 191.

---

[2] Defendant will fille an Administrative Motion to Consider Whether Cases Should be Related.

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

7

DEFENDANT'S NOTICE OF REMOVAL OF PAGA ACTION

22. An artfully pled state law claim is properly "recharacterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law.").

### D. Resolving Plaintiff's Claims Requires Interpretation of the 2020 CBA.

23. The Labor Code violations underlying Plaintiff's PAGA claim are "founded directly on rights created by collective bargaining agreements" and/or are substantially dependent on an analysis and interpretation of a collective bargaining agreement. *See Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991); *see also Caterpillar Inc.*, 482 U.S. at 394. To analyze Plaintiff's claim, therefore, the Court will necessarily need to interpret the provisions of the relevant 2020 CBA. *See Radcliff v. San Diego Gas & Elec. Co.*, 2021 U.S. Dist. LEXIS 27866 * 15 (S.D. Cal. February 12, 2021, Hon. Marilyn L. Huff) (court denied motion to remand a PAGA claim finding that the PAGA claims were preempted by the LMRA because some of the claims at issue were predicated on rights under a CBA).

24. The applicable 2020 CBA contains specific language governing overtime. (Carlier Decl., Ex. A, 2020 CBA, Secs. 1, 2). The CBAs also provide for a grievance process and requires binding arbitration to resolve any disputes arising under the CBA. (Carlier Decl., Ex. A, 2020 CBA, Sec. 11) Resolving Plaintiff's claim will require the Court to interpret these provisions in the applicable 2020 CBA.

25. Plaintiff's claims are substantially dependent upon the interpretation of the 2020 CBA's terms and provisions. In fact in the related class action matter brought by the same Plaintiff, the Northern District held that it had jurisdiction over Plaintiff's claim for failure to pay overtime wages, denying Plaintiff's motion to remand. (Piechocki Decl., ¶8, Exhibit D, p. 2:5-6; 12:2-10.) The underlying Labor Code violations arise under § 301 of the LMRA and warrant removal to federal court.

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

8

DEFENDANT'S NOTICE OF REMOVAL OF PAGA ACTION

### III. SUPPLEMENTAL JURISDICTION

26. To the extent there are certain claims alleging Labor Code violations that do not arise under Section 301 of the LMRA, those alleged violations remain within the supplemental jurisdiction of the Court under 28 U.S.C. section 1367(a) in that they are so related to the federal cause of action that they form part of the same case or controversy under Article III of the United States Constitution. *See Buck v. Cemex, Inc.*, 2013 U.S. Dist. LEXIS 124111, at *17; *see also Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1100 (N.D. Cal. 2014). In fact, the Court exercised supplemental jurisdiction over Plaintiff's remaining state-law claims in the related class action matter. (Piechocki Decl., ¶8, Exhibit D, p. 12:3-6.) Thus, this action is removable in its entirety.

### IV. INTRADISTRICT ASSIGNMENT

27. Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a). Plaintiff originally brought this action in the Superior Court of the State of California for the County of San Francisco.

28. All civil actions that arise in the County of San Francisco shall be assigned to the San Francisco Division or the Oakland Division. Northern District Local Rule 3-2(c)(d), 3-5(b). Thus, assignment to the San Francisco or Oakland Division is proper.

### V. TIMELINESS OF REMOVAL

29. Plaintiff served the Summons and Complaint upon Defendant through a Notice of Acknowledgement and Receipt which was signed by Defendant on February 8, 2023. (*See* Piechocki Decl., ¶4, Exhibit B.) This Notice of Removal has been filed within thirty (30) days of service on Defendant of the Summons and Complaint and within one year of the filing of the Complaint. 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[A] named defendant's time to remove is triggered by the simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.") Therefore, the Notice is timely filed.

30. Pursuant to Federal Rules of Civil Procedure, Rule 6(a)(1)(C), when the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

9

DEFENDANT'S NOTICE OF REMOVAL OF PAGA ACTION

next day that is not a Saturday, Sunday, or legal holiday. *See* Fed. R. Civ. P. 6(a)(1)(A)(5) (requiring deadlines "count every day, including intermediate Saturdays, Sundays, and legal holidays . . . but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Further, pursuant to "next day" is "determined by continuing to count forward when the period is measured after an event and backward when measured before an event." *See Id.* Thus, this Notice of Removal is timely-filed. *See Fleming v. United Teacher Assocs. Ins. Co.*, 250 F. Supp. 2d 658, 660-661 (D.W. Va. 2003) (removal filed on 31 days timely when final day was a holiday); *Johnson v. Harper*, 66 F.R.D. 103, 105 (E.D. Tenn. 1975) (same); *see also Agavni Pogosyan v. U.S. Bank Trust Nat'l Assoc'n, et al.*, Case No.: CV 15-07085-AB, 2015 WL 12696188, at *2 (C.D. Cal. Oct. 22, 2015) (same); *Williams v. Leonard*, No. C02–05084 CRB, 2003 WL 163183, at *1 (N.D. Cal. Jan. 13, 2003) (same).

## VI. NOTICE TO PLAINTIFF AND THE STATE COURT

31. Contemporaneously with the filing of this Notice in this Court, written notice of such filing will be provided to Plaintiff's counsel of record Samuel A. Wong, Esq., Kashif Haque, Esq., Jessica K. Campbell, Esq., Ali S. Carlsen, Esq., Aegis Law Firm, PC, 9811 Irvine Center Drive, Suite 100, Irvine, California 92618.

32. A copy of the Notice of Removal will also be filed with the Clerk of the Superior Court of the County of San Francisco.

## VII. CONCLUSION

33. For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1441(a) and removal is therefore proper under 28 U.S.C. §§ 1441 and 1446.

Dated: March 10, 2023

LITTLER MENDELSON, P.C.

4892-0144-4948.2 / 118967-1001

*/s/ Cristina L. Piechocki*
Gregory G. Iskander
Cristina L. Piechocki

Attorneys for Defendant
THE SAN FRANCISCO BAR PILOTS

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

10     DEFENDANT'S NOTICE OF REMOVAL OF PAGA ACTION